**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FEDERAL TRADE COMMISSION; and
STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL, DEPARTMENT
OF LEGAL AFFAIRS,

          Plaintiffs,

v.                                                      Case No. 6:13-cv-789-Orl-37TBS

VACATION COMMUNICATIONS
GROUP, LLC; GARDNER CLINE
L.L.C.; SHELDON LEE COHEN,
individually and as an owner, officer, or
manager of Vacation Communications
Group, LLC, and d/b/a Universal
Timeshare Sales Associates and
M.G.M. Universal Timeshares; MARK
RUSSELL GARDNER, individually and
as manager/member of Gardner Cline
L.L.C.; and TAMMIE LYNN CLINE,
individually and as manager/member of
Gardner Cline L.L.C.,

          Defendants.

**ORDER**

This cause is before the Court on its Order (Doc. 51) directing Defendant Sheldon Lee Cohen to show cause why he should not be held in civil contempt for failing to comply with the requirements of the June 6, 2013 Preliminary Injunction (Doc. 17). Upon consideration, Defendant Sheldon Lee Cohen is due to be held in civil contempt.

**BACKGROUND**

On May 20, 2013, the Federal Trade Commission and the State of Florida

("Plaintiffs") brought this action alleging that Defendants violated state and federal laws by defrauding owners of timeshare properties through a national telemarketing scheme. (Doc. 1, pp. 5–8.) Plaintiffs additionally contend that Defendant Cohen funneled fraudulently obtained proceeds into offshore bank accounts in the Dominican Republic. (Doc. 5, pp. 22, 38.)

On May 20, 2013, the Court entered a temporary restraining order and appointed Brian A. McDowell to serve as Receiver. (Doc. 9.) Plaintiffs served Defendant Cohen with a copy of the Court's temporary restraining order, which provided notice of a June 6, 2013 preliminary injunction hearing. (*See* Docs. 9, 21, 22, 24.) Despite having notice, Defendant Cohen failed to appear at the hearing. (*See* Doc. 27, p. 2.) The Court subsequently converted the temporary restraining order into a preliminary injunction directed at Defendant Cohen and Vacation Communication Group, LCC. (Doc. 27.)

In light of Defendant Cohen's offshore accounts, the Preliminary Injunction ordered him, *inter alia*, to repatriate to the United States any funds, documents, or assets held under the control or for the benefit of any defendant in this action. (*See* Doc. 27, p. 25, § XIII.A.) The injunction further ordered Defendant Cohen to provide Plaintiffs and the Receiver with other relevant financial information, including the names, locations, and contents of the offshore financial entities that the Defendants utilize. (*See id.*, p. 25, § XIII.B–D.)

On July 2, 2013, the Receiver filed a Motion for Contempt Against Defendant Sheldon Lee Cohen for failing to comply with the terms of the Preliminary Injunction. (Doc. 50.) The Court construed this motion as a motion for an order to show cause why Defendant Cohen should not be held in civil contempt, granted it, and set the issue for a hearing to be held on September 6, 2013. (Doc. 51.) Additionally, the Court directed the

Receiver, by any means necessary, to attempt to notify Defendant Cohen of the Court's show-cause order, to serve on Defendant Cohen any documentary evidence upon which the Receiver intended to rely, and to give Defendant Cohen detailed lists of any witnesses the Receiver intended to call. (*Id.* at 3.)

The Receiver went to considerable effort to comply with the Court's order and reach Defendant Cohen (*See* Docs. 55, 68–71), but Defendant Cohen failed to appear at the September 6 hearing. At the hearing, the Receiver testified that Defendant Cohen has failed to comply with the terms of the Injunction and appears to be intentionally avoiding service of process.

## STANDARDS

Federal courts have the broad power to coerce compliance with their orders through civil contempt. *See United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999). This coercive power includes the power to impose sanctions, so long as the sanctions are not "so excessive as to be punitive in nature." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). "The district court has wide discretion to fashion an equitable remedy for contempt that is appropriate to the circumstances." *E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949)). "The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief . . . [and] may entail the doing of a variety of acts . . . ." *Id.* Available relief includes, but is not limited to, coercive fines and incarceration. *See Citronelle-Mobile Gathering*, 943 F.2d at 1304.

To hold a person in civil contempt for failure to comply with an order, the party seeking the contempt order must demonstrate by clear and convincing evidence that:

"(1) the underlying order allegedly violated was valid and lawful; (2) the underlying order was clear, definite, and unambiguous; and (3) the contemnor had the ability to comply with the underlying order." *United States v. Koblitz*, 803 F.2d 1523, 1527 (11th Cir. 1986) (citations omitted). "Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

## DISCUSSION

To begin, the Court finds that the Receiver complied with its Order directing notice to Defendant Cohen. (Doc. 51, p.3.) The Receiver and his counsel have made considerable effort to contact Defendant Cohen, as demonstrated by their documentary evidence and testimony at the hearing, but Defendant Cohen appears to be willfully avoiding service. (*See* Docs. 69–71.) Indeed, the Receiver testified that Defendant Cohen is a flight risk and that he may already be outside of the country.

In its July 16, 2013 Order, the Court determined that the Receiver established a *prima facie* case of civil contempt against Defendant Cohen. (Doc. 51, p. 2.) Thus, at the September 6, 2013 hearing, the burden had shifted to the Defendant to defend his failure to comply with the terms of the Preliminary Injunction. *See Wellington Precious Metals*, 950 F.2d at 1529. As previously noted, Defendant Cohen failed to appear and therefore declined to defend his noncompliance.[1] Accordingly, the Court finds by clear and convincing evidence that Defendant Cohen is due to be held in civil contempt of

---

[1] At the hearing, the Receiver provided supplemental testimony which proved clearly and convincingly that the preliminary injunction is valid and lawful, that it is clear, definite, and unambiguous, and that Defendant Cohen has the ability to comply with the terms of the injunction but continues not to do so. At the time of this Order, a transcript of the hearing is not available.

4

court.

With respect to sanctions, the Receiver is primarily concerned with Defendant Cohen's failure to comply with sections IV.A.1 and XIII.A–D of the Preliminary Injunction, which require Defendant Cohen to repatriate overseas assets and provide any information the Receiver deems necessary to the discharge of his responsibilities. (*See* Doc. 27, pp. 12–14, 25–26.) It is well within the Court's authority to use its civil contempt power to coerce repatriation. *See In re Lawrence*, 279 F.3d 1294, 1300 (11th Cir. 2002); *Fed. Trade Comm. V. Affordable Media, LLC.*, 179 F.3d 1228, 1239 (9th Cir. 1999). Accordingly, the Court finds that arresting and incarcerating Defendant Cohen until such time as he complies with the Court's preliminary injunction is an appropriately coercive, non-punitive sanction in this case.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Sheldon Lee Cohen is **HELD IN CIVIL CONTEMPT** for failure to comply with the Order and Preliminary Injunction as to Defendants Vacation Communications Group, LCC and Sheldon Lee Cohen (Doc. 27), filed June 6, 2013.

2. The Clerk is **DIRECTED** to issue a warrant for the arrest of Defendant Sheldon Lee Cohen.

3. The United States Marshals Service is **DIRECTED** to immediately detain and arrest Defendant Sheldon Lee Cohen, DOB: 01/02/1968. All Federal, state and local law enforcement agencies and officers, INTERPOL, and any other foreign law enforcement agencies shall additionally have the authority to and shall immediately detain and arrest Sheldon Lee Cohen.

4. The United States Marshals Service is **DIRECTED** to enter this order and the accompanying arrest warrant against Sheldon Lee Cohen in whatever national, state, regional, local, or foreign databases as are necessary to make the immediate arrest and detention of Sheldon Lee Cohen.

5. The United States Marshals Service is further **DIRECTED** to immediately transmit this order and the arrest warrant against Sheldon Lee Cohen to INTERPOL, the Police Department of the Dominican Republic, and to any other law enforcement agency or officer in any foreign or domestic jurisdiction where Sheldon Lee Cohen may be found. The Court authorizes the United States Marshals Service and the Receiver and any of his authorized representatives to request and enlist the assistance of any such law enforcement agency or officer to carry out the arrest of Sheldon Lee Cohen and the seizure of any passport or passports, travel document or documents issued to him.

6. The arresting entity is **DIRECTED** to seize any passport or passports, travel document, or documents Sheldon Lee Cohen may have in his possession or control.

7. The United States Department of State is **DIRECTED** to immediately cancel any passport or travel document issued to Sheldon Lee Cohen. The Receiver shall serve a simple copy of this order on the U.S. Department of State.

8. The arresting entity is **DIRECTED** to deliver any passport or passports, travel document, or documents seized to the United States Marshals Service at the George C. Young U.S. Courthouse & Federal Building, 401

      West Central Boulevard, Suite 2300, Orlando, Florida, 32801-0230, United States of America, contact number: (407) 316-5550. The United States Marshals Service shall so notify the Court and the Receiver and deposit said items or items with the Clerk of this Court and the Receiver.

9. After arresting Sheldon Lee Cohen, the arresting entity is **DIRECTED** to immediately notify the Orlando, Florida, office of the United States Marshals Service, contact number (407) 316-5500, who shall take him into custody. In turn, the United States Marshals Service shall notify this Court and the Receiver.

10. After the arrest, the United States Marshals Service is **DIRECTED** to bring Sheldon Lee Cohen before this Court within a reasonable amount of time and during working hours on a regular workday. Sheldon Lee Cohen shall remain incarcerated until he complies with all the applicable terms of the Preliminary Injunction entered in this matter or until otherwise directed by this Court.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 18, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record