**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

FEDERAL TRADE COMMISSION; and
STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL, DEPARTMENT
OF LEGAL AFFAIRS,

        Plaintiffs,

v.                                       Case No. 6:13-cv-789-Orl-37DAB

VACATION COMMUNICATIONS
GROUP, LLC; GARDNER CLINE LLC;
SHELDON LEE COHEN, individually
and as an owner, officer, or manager of
Vacation Communications Group, LLC,
and d/b/a Universal Timeshare Sales
Associates and M.G.M. Universal
Timeshares; MARK RUSSELL
GARDNER, individually and as
manager/member of Gardner Cline LLC;
and TAMMIE LYNN CLINE, individually
and as manager/member of Gardner
Cline LLC,

        Defendants.

---

**ORDER**

This cause is before the Court on Plaintiffs Federal Trade Commission's ("FTC") and State of Florida, Office of the Attorney General's ("Florida") Status Report Regarding Settlement and Motion to Stay Proceedings for Twenty-One Days (Doc. 99), filed May 21, 2014. In support of their motion, Plaintiffs state that they have agreed to the terms of a proposed final judgment ("settlement agreement") with Defendants Tammie Lynn Cline, Mark Russell Gardner, and Gardner Cline L.L.C. Plaintiffs further state, however, that Defendant Gardner has not yet signed the settlement agreement. His attorney, Richard L. Wilson, has informed Plaintiffs that Defendant Gardner will sign the settlement

agreement, but lacks the ability to return it to Plaintiffs electronically and must resort to U.S. mail.

Given the status of settlement negotiations in this matter, Plaintiffs report that they expect to file a proposed final judgment encompassing all of the claims in this action within the twenty-one day time-period prescribed by this Court's March 27 Order.  (Doc. 93). However, in order to preserve their right to seek summary judgment against Defendant Gardner should he not sign the proposed settlement, Plaintiffs respectfully request a twenty-one day stay of the proceedings – until June 11, 2014 – as to Defendant Gardner. Plaintiffs represent that such a stay is within this Court's authority and necessary to prevent manifest injustice to Plaintiffs.  Upon consideration, the Court finds that Plaintiffs' unopposed motion to stay is due to be granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' motion to stay the proceedings as to Defendant Gardner until June 11, 2014, is **GRANTED**.
2. The Clerk is **DIRECTED** to vacate all existing deadlines as to Defendant Gardner.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 28, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Recor