United States District Court

## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FEDERAL TRADE COMMISSION; and
STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL, DEPARTMENT
OF LEGAL AFFAIRS,

                    Plaintiffs,

v.                                            Case No. 6:13-cv-789-Orl-37DAB

VACATION COMMUNICATIONS
GROUP, LLC; GARDNER CLINE LLC;
SHELDON LEE COHEN, individually
and as an owner, officer, or manager of
Vacation Communications Group, LLC,
and d/b/a Universal Timeshare Sales
Associates and M.G.M. Universal
Timeshares; MARK RUSSELL
GARDNER, individually and as
manager/member of Gardner Cline LLC;
and TAMMIE LYNN CLINE, individually
and as manager/member of Gardner
Cline LLC,

                    Defendants.

---

### FINAL ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS GARDNER CLINE LLC, MARK RUSSEL GARDNER, AND TAMMIE LYNN CLINE AND DEFAULT JUDGMENT AS TO DEFENDANTS SHELDON LEE COHEN AND VACATION COMMUNICATIONS GROUP, LLC

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the State

of Florida, Office of the Attorney General, Department of Legal Affairs ("State of Florida"),

filed their Complaint for Permanent Injunction and Other Equitable Relief in this matter,

pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention

Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2013), and the Florida Timeshare Resale Accountability Act ("FTRRA"), Section 721.205, Florida Statutes (2013).

Defendants were properly served with the complaint and summons (Doc. Nos. 29 through 34), but Defendants Sheldon Lee Cohen ("Cohen") and Vacation Communications Group, LLC ("VCG"), failed to plead or otherwise defend (Doc No. 59). On August 6, 2013, the Clerk entered defaults against Defendants VCG and Cohen (collectively "Defaulting Defendants"). Doc. Nos. 60 and 61.  On March 27, 2014, the Court granted Plaintiffs' motion for a default judgment and final order against Defaulting Defendants, but deferred entering a final judgment against Defaulting Defendants until the remaining claims against the other defendants–Gardner Cline L.L.C., Mark Russell Gardner, and Tammie Lynn Cline–were resolved.  (Doc. 93).

Defendants Gardner Cline L.L.C., Mark Russell Gardner, and Tammie Lynn Cline ("Stipulating Defendants") stipulated to, and the Court entered, a Preliminary Injunction on June 6, 2013.  (Doc. 26.)  Plaintiffs and Stipulating Defendants subsequently agreed to the entry of a Final Order for Permanent Injunction and Other Equitable Relief as to Defendants Gardner Cline L.L.C., Mark Russell Gardner, and Tammie Lynn Cline to resolve all matters in dispute in this action between them.

Plaintiffs seek a judgment and final order resolving all claims against Stipulating Defendants and, pursuant to Federal Rule of Civil Procedure 55(b)(2), on all claims against Defaulting Defendants.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS AS TO STIPULATING DEFENDANTS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Stipulating Defendants participated in deceptive or unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45; Sections 310.3(a)(4), 310.4(b)(1)(iii)(B), and 310.8 of the Telemarketing Sales Rule, 16 C.F.R. §§ 310.3(a)(4), 310.4(b)(1)(iii)(B), and 310.8; Section 501.204 of the FDUTA, Florida Statutes (2013); and Section 721.205(2) of the FTRAA, Florida Statutes (2013), in the advertising, marketing, promotion, offering for sale, or sale of Timeshare Resale Services.

3.     Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4.     Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Stipulating Defendants and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## FINDINGS AS TO DEFAULTING DEFENDANTS

1.     This is an action instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; the Telemarketing Act, 15 U.S.C. §§ 6101-6108; the TSR, 16 C.F.R. Part 310; the FDUTPA, Chapter 501, Part II, Florida Statutes (2013), and the Florida Timeshare Resale Accountability Act ("FTRRA"), Section 721.205, Florida Statutes (2013).  Pursuant to these statutes and regulations, Plaintiffs have the authority

to seek the relief they have requested.

2.     The complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b; the Telemarketing Act, 15 U.S.C. §§ 6101-6108; the TSR, 16 C.F.R. Part 310; the FDUTPA, Chapter 501, Part II, Florida Statutes (2013); and the Florida Timeshare Resale Accountability Act ("FTRRA"), Section 721.205, Florida Statutes (2013).

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1367, and 15 U.S.C. §§ 45(a) and 53(b).

4.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

5.     The activities alleged in the complaint are or were "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.     Defaulting Defendants were properly served with process, as required by Fed. R. Civ. P. 4, and failed to plead or otherwise defend within the time set forth in Fed. R. Civ. P. 12(a).

7.     An Entry of Default was properly entered by the Clerk against Defaulting Defendants on August 6, 2013.

8.     The factual allegations of the complaint as to Defaulting Defendants are taken as true because defaults have been entered against Defaulting Defendants.

9.     The substantial evidence presented by Plaintiffs in this case and the allegations taken as true establish that Defaulting Defendants have engaged in a plan, program, or campaign to deceptively advertise, market, promote, offer for sale, or sell timeshare rental or resale services through interstate telephone calls to consumers

throughout the United States in violation of Section 5 of the FTC Act, the TSR, the FDUTPA, and the FTRAA.

10.     Based on the evidence presented to the Court, there is a substantial likelihood that Defaulting Defendants will engage in the same or similar activities as alleged in the complaint unless they are permanently enjoined from such acts and practices.

11.     Thus, it is proper in this case to enter equitable monetary relief against Defaulting Defendants for the consumer injury caused by their violations of the FTC Act, the TSR, the FDUTPA, and the FTRAA.

12.     From January 2009 to February 2013, Defaulting Defendants' revenues from the conduct alleged in the complaint, minus funds returned to consumers through refunds and chargebacks, was at least $10,190,769.68.  This amount was calculated using data from Visa and MasterCard, which processed consumer payments for Defaulting Defendants.  *See* PX 36, pp. 6-12.  The Defaulting Defendants are therefore liable for injunctive relief and are jointly and severally liable for monetary relief in the amount of $10,190,769.68.

13.     This Final Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

14.     Entry of this Final Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

1.     **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments,"

"equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.      **"Assisting Others"** includes, but is not limited to, providing any of the following services to any Person or entity: (1) performing customer service functions including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script, other marketing material, or marketing services of any kind; (3) providing names of, or assisting in the generation of, potential customers; (4) providing credit card merchant processing accounts, or otherwise providing access to a billing and collection system (such as a credit card, checking, savings, share or similar account, utility bill, telephone bill, mortgage loan account or debit card), or causing any charges to be made to such an account or utilizing such a system; or (5) acting as an officer or director of a business entity.

3.      **"Defendants"** means the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

4.      **"Individual Defendants"** means Sheldon Lee Cohen, also doing business as Universal Timeshare Sales Associates and M.G.M. Universal Timeshares; Mark Russell Gardner, individually and as manager/member of Gardner Cline L.L.C.; and Tammie Lynn Cline, individually and as manager/member of Gardner Cline L.L.C.; and by whatever other names they may be known.

5.      **"Corporate Defendants"** means Vacation Communications Group, LLC,

Gardner Cline L.L.C., and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities.

6.      **"Stipulating Defendants"** means Gardner Cline L.L.C., Mark Russell Gardner, and Tammie Lynn Cline.

7.      **"Stipulating Corporate Defendant"** means Gardner Cline L.L.C., and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities.

8.      **"Stipulating Individual Defendants"** means Mark Russell Gardner and Tammie Lynn Cline, and by whatever other names they may be known.

9.      "**Defaulting Defendants"** means Vacation Communications Group, LLC; its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities; and Sheldon Lee Cohen, also doing business as Universal Timeshare Sales Associates and M.G.M. Universal Timeshares, and by whatever other names they may be known.

10.      **"Receivership Defendants"** means Vacation Communications Group, LLC; Gardner Cline L.L.C.; their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities.; and Defendant Sheldon Lee Cohen when doing business as Universal Timeshare Sales Associates and M.G.M. Universal Timeshares, and by whatever other names they may be known.

11.      **"Defaulting      Receivership      Defendants"** means      Vacation Communications Group, LLC; its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities;

and Sheldon Lee Cohen when doing business as Universal Timeshare Sales Associates and M.G.M. Universal Timeshares, and by whatever other names they may be known.

12.     **"Document" or "Documents"** means any materials listed in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data or data compilations, stored in any medium, from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form through detection devices.  A draft or non-identical copy is a separate "document" within the meaning of this term.

13.     **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

14.     **"Person"** means a natural Person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

15.     **"Plaintiffs"** means the Federal Trade Commission ("Commission" or "FTC") and the State of Florida, Office of the Attorney General, Department of Legal Affairs  ("State of Florida").

16.      **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

17.     **"Telemarketing Sales Rule"** or **"TSR"** means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310, a copy of which is attached.

18.   **"Timeshare"** or **"Timeshare Property"** refers to the right of ownership or occupancy in any vacation property or properties (including, but not limited to, condominiums, resorts, campgrounds, and cruise ships) that provides rights-holders with certain periodic usage and/or occupancy rights.   The term shall also include "points-based" programs that provide similar ownership and/or occupancy benefits.

19.   **"Timeshare Resale Service"** means any good, service, plan, or program represented, expressly or by implication, to assist an individual in advertising, marketing, promoting, offering for sale or rent, or selling or renting the individual's timeshare.

## ORDER

### I.   PERMANENT BAN ON TELEMARKETING

**IT IS ORDERED** that Defaulting Defendants, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from Telemarketing, or Assisting Others engaged in Telemarketing.

### II.   PERMANENT BAN ON TIMESHARE RESALE SERVICES

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from engaging in, participating in, or Assisting Others in the advertising, marketing, promoting, offering for sale, or sale of any Timeshare Resale Service.

### III.   PROHIBITED PRACTICES RELATING TO ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents servants, employees, and attorneys, and all other Persons in active concert or participation with

any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, are hereby permanently restrained and enjoined from:

A.      Misrepresenting, or Assisting Others in misrepresenting, directly or indirectly, expressly or by implication, any material fact including, but not limited to:

   1.      the total cost to purchase, receive or use the good or service;

   2.      any material restriction, limitation, or condition to purchase, receive or use the good or service;

   3.      any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service;

   4.      the income, profits or sales likely to be achieved from the good or service; and

   5.      any material aspect of the performance, efficacy, nature or central characteristic of the good or service;

B.      Violating, or Assisting Others in violating, any provision of the TSR, including, but not limited to:

   1.      Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making any false or misleading statement to induce any Person to pay for goods or services;

   2.      Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B),

by engaging in, or causing others to engage in, initiating an outbound telephone call to a Person's telephone number on the National Do Not Call Registry in connection with Telemarketing; and

3.      Section 310.8 of the TSR, 16 C.F.R. § 310.8, by initiating or causing others to initiate, in connection with Telemarketing, an outbound telephone call to a telephone number within a given area code when Defendants have not, either directly or through another Person, paid the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry;

C.      Violating, or Assisting Others in violating, any provision of:

1.      the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes (2013); and

2.      the Florida Timeshare Resale Accountability Act, Section 721.205, Florida Statutes (2013).

### IV.      PROHIBITIONS ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys,  and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, are permanently restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any Defendant's Timeshare Resale Service.

## V.     MONETARY JUDGMENT AND SUSPENSION AS TO STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered in favor of Plaintiffs against Stipulating Defendants, jointly and severally, for equitable monetary relief, including but not limited to consumer redress, in the amount of one million, two hundred eighty-eight thousand, six hundred eighty-six dollars ($1,288,686.00), which is the amount of injury suffered by consumers, or unjust enrichment obtained by Defendants, in connection with the practices alleged as to Stipulating Defendants in Counts I through VI of the Complaint. Stipulating Defendants are jointly and severally liable for this amount with Defaulting Defendants.  The Judgment as to Stipulating Defendants is suspended subject to the Subsections below.

B.     Plaintiffs' agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.     the Financial Statement of Stipulating Individual Defendant Mark Russell Gardner, signed on May 31, 2013, including the attachments;

2.     the Financial Statement of Stipulating Individual Defendant Tammie Lynn Cline, signed by Tammie Lynn Cline on June 1, 2013, including the attachments;

3.     the Financial Statement of Stipulating Corporate Defendant Gardner Cline L.L.C., signed by Tammie Lynn Cline on May 31, 2013, including the

attachments; and

4.      the email from Stipulating Defendants' counsel to FTC counsel dated August 6, 2013, regarding Stipulating Defendants' contract with Defendant Cohen.

C.      The suspension of the judgment will be lifted as to either Stipulating Defendant if, upon motion by Plaintiffs, the Court finds that the Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

D.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Stipulating Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint as to Stipulating Defendants), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VI.    ADDITIONAL MONETARY PROVISIONS AS TO STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.      Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets previously transferred to the Receiver or otherwise transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a

proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A) and this Order will have collateral estoppel effect for such purposes.

D.      Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Stipulating Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.      All money paid to Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of both the Commission and the State of Florida.  This fund shall be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Stipulating Defendants' practices alleged in the Complaint, relinquish its authority over any portion of the joint monies not used for equitable relief to the State of Florida, or both.  Stipulating Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII.    LIFTING OF ASSET FREEZE AS TO STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that the freeze of the assets of Stipulating Defendants Mark Russell Gardner and Tammie Lynn Cline shall be lifted.  A third party shall be entitled to rely upon a letter from either Plaintiff stating that the freeze on the assets of a Stipulating Defendant has been lifted.

## VIII.    MONETARY JUDGMENT AND CONSUMER REDRESS AS TO DEFAULTING DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.    Judgment is hereby entered in favor of Plaintiffs against Defaulting Defendants, jointly and severally, in the amount of ten million, one hundred ninety thousand, seven hundred sixty-nine dollars and sixty-eight cents ($10,190,769.68), which is the amount of injury suffered by consumers, or unjust enrichment obtained by Defaulting Defendants, in connection with the practices alleged in Counts I through VI of the Complaint.  This monetary judgment shall become immediately due and payable by Defaulting Defendants upon entry of this Final Order, less any amount previously paid by any other Defendant, and interest computed at the rate prescribed under 28 U.S.C. § 1961(a), as amended, shall immediately begin to accrue on the unpaid balance;

B.    All funds paid to Plaintiffs shall be made by wire transfer in accordance with directions provided by the Commission, or as otherwise agreed to by the Commission;

C.    All money paid to Plaintiffs pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of both Plaintiffs.  This fund shall be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.   If a representative of the

Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defaulting Defendants' practices alleged in the Complaint, relinquish its authority over any portion of the joint monies not used for equitable relief to the State of Florida, or both.  Defaulting Defendants have no right to challenge any actions the Plaintiffs or their representatives may take pursuant to this Subsection.

D.      All joint funds not used for the equitable relief described in Paragraph C of this Section ("Remaining Joint Funds") shall be distributed to Plaintiffs in the following manner:

1.      The State of Florida shall be reimbursed for the costs and fees it incurred in this matter including, but not limited to, its costs of investigation and litigation, after which

2.      All Remaining Joint Funds shall be divided equally between the Commission (for ultimate disbursement to the U.S. Treasury) and the State of Florida.

E.      No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty or punitive assessment.

F.      Plaintiffs are entitled to exercise any and all rights and remedies against Defaulting Defendants and their assets to collect the judgment and interest thereon, less any amounts already paid by Defaulting Defendant or any other Defendant.

## IX.    TURNOVER OF ASSETS

**IT IS FURTHER ORDERED** that in order to partially satisfy the monetary judgment set forth in Section VI above, any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, payment processor, person, or entity served with a copy of this Final Order, that holds, controls or maintains custody of any account or asset of, on behalf of, or for the benefit of any Defaulting Defendant, shall turn over all such funds or assets to the Receiver, in the case of Defaulting Receivership Defendants, or to Plaintiff FTC in the case of Sheldon Lee Cohen, within 10 business days of receiving notice of this Final Order by any means, including but not limited to via email or facsimile.

## X.    LIFTING OF ASSET FREEZE AS TO DEFAULTING DEFENDANTS

**IT IS FURTHER ORDERED** that the freeze of Defaulting Defendants' assets shall remain in effect as set forth in Sections III and IV of the Preliminary Injunction entered on June 6, 2013 (Doc. No. 27), until the Commission has received the total amount required by Section VI above, provided, however, that Defaulting Defendants may transfer funds to the extent necessary to make all payments required by Section VI.  Upon payment to the Commission of the total amount required by Section VI above, the freeze against the assets of Defaulting Defendants shall be lifted permanently.

## XI.    COMPLETION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Brian McDowell as Permanent Receiver ("Receiver") over Stipulating Corporate Defendant pursuant to Section V of the Order and Preliminary Injunction as to Mark Russell Gardner, Tammie Lynn Cline, and Gardner Cline L.L.C. (Doc. No. 26),  and over Defaulting Defendants, pursuant to Section

V of the Order and Preliminary Injunction as to Defendants Vacation Communications Group, LLC and Sheldon Lee Cohen (Doc. No. 27), is hereby continued as modified by this Section.

A.      As to the Stipulating Corporate Defendant, the Receiver is directed and authorized to accomplish the following within 120 days of entry of this Order, which time may be extended at the request of the Receiver or any party for good cause shown:

1.      Complete, as necessary, the liquidation of the assets of the Stipulating Corporate Defendant;

2.      Prepare and submit a final report describing the Receiver's activities pursuant to this Order, and a final application for compensation and expenses; and

3.      Distribute to the Commission any remaining liquid assets at the conclusion of the Receiver's duties, in partial satisfaction of the monetary judgment set forth in this Order.

B.      As to Defaulting Receivership Defendants, the Receiver is directed and authorized to accomplish the following within 12 months of entry of this Order, which time may be extended at the request of the Receiver or any party for good cause shown:

1.      Complete, as necessary, the liquidation of the assets of the Defaulting Receivership Defendants;

2.      Prepare and submit a final report describing the Receiver's activities pursuant to this Order, and a final application for compensation and expenses; and

3.      Distribute to the Commission any remaining liquid assets at the

conclusion of the Receiver's duties, in partial satisfaction of the monetary judgment set forth in this Order.

C.    Upon completion of the above tasks, the duties of the Receivership over the Receivership Defendants shall terminate, and the Receiver shall be discharged as to the Receivership Defendants.

## XII.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents servants, employees, and attorneys, and all other Persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any Person, business entity, trust, corporation, partnership, limited liability company, subsidiary, division, or other device, or any of them, are permanently restrained and enjoined from directly or indirectly:

A.    Failing to provide sufficient customer information that Defendants currently have, or have reasonable access to, to enable the Commission to efficiently administer consumer redress.   If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale, or sale of Timeshare Resale Services; and

C.    Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## XIII.    COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of Plaintiffs and the Receiver in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendants must provide truthful and complete information, evidence, and testimony. Such Stipulating Individual Defendants must appear and Stipulating Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff's representative or the Receiver may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiff's representative or the Receiver may designate, without the service of a subpoena.

## XIV.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.    Each Defendant, within 7 days of entry of this Order, must submit to the Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Individual Defendant for any

business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the telemarketing of any good or service and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XV.   COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to Plaintiffs:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Stipulating Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;  (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must

describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must:   (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and (c) describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

B.      For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Defendant must report any change in:

(a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

D.      Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Plaintiff's representative in writing, all submissions to Plaintiffs pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:   Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  *FTC and State of Florida, Office of the Attorney General v. Vacation Communications Group, LLC*, *et al.,* Matter No. X130048.

## XVI.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, each

Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiffs; and

E.      A copy of each unique advertising or other marketing material.

### XVII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including, for Stipulating Defendants, the financial representations upon which the judgment was suspended:

A.      Within 14 days of receipt of a written request from either Plaintiff, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.       For matters concerning this Order, Plaintiffs are authorized to communicate

directly with each Defendant.  Defendants must permit representatives of either Plaintiff

to interview any employee or other person affiliated with any Defendant who has agreed

to such an interview.  The person interviewed may have counsel present.

      C.      Plaintiffs may use all other lawful means, including posing, through its

representatives as consumers, suppliers, or other individuals or entities, to Defendants or

any individual or entity affiliated with Defendants, without the necessity of identification or

prior notice.  Nothing in this Order limits Plaintiffs' lawful use of compulsory process,

pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. § 49, 57b-1.

## XVIII.  CONTEMPT ORDER

**IT IS FURTHER ORDERED** that the Contempt Order entered by the Court against

Defendant Cohen on September 18, 2013 (Doc. No. 79), and the remedies contained

therein shall remain in full force and effect until further order of this Court.

## XIX.   BENCH WARRANT

The Bench Warrant issued as to Defendant Cohen on September 19, 2013 (Doc.

80), shall remain in full force and effect.

## XX.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 12, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record